(No. 4003—

JOHN ROBKE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.
*Opinion filed May 13, 1947.*

FRED BRANSON, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, C. J.

On February 13, 1945, the claimant, John Robke, was employed by the respondent in the Department of Public Works and Buildings, Division of Highways, as a member of a group clearing dead trees and brush from the right-of-way of Illinois Highway 15 in Washington County. While chopping down a tree, claimant's axe caught in a grapevine and severely wrenched his right shoulder.

Claimant was immediately taken to Dr. A. J. Bauer, at Germantown, Illinois, who prescribed medication and rest. Dr. Bauer, upon examination, found a partial dis-

location of the right shoulder downward, with extensive swelling, and disability to move or elevate the arm. X-rays subsequently taken showed no fracture.

On March 27, 1945 claimant was taken to St. Louis, Missouri for examination and treatment by Dr. J. Albert Key, Professor of Clinical Orthopedic Surgery, Washington University. Dr. Key reported a moderate crepitus on all movements of the shoulder, and pain at the limits of abduction and external and internal rotation. He found, also, motion limited, and a marked weakness, in abduction, together with a moderate tenderness over the greater tuberosity of the humerus, and over the brachial plexus on the side of the neck. Dr. Key stated that X-rays showed no evidence of fracture or dislocation, but showed a moderate atrophy of the upper end of the humerus. His diagnosis was a rupture of the supraspinatus tendon.

After a second examination by Dr. Key, on March 24, 1945, claimant's condition was found unimproved; he was unable actively to abduct his arm more than $45°$; movement of the shoulder was accompanied by course crepitus; and the X-rays taken at that time showed some roughening of the tuberosity. Dr. Key stated that claimant's ruptured suprasinatus tendon would not heal, and because of claimant's age he was unwilling to recommend surgery. On May 31, 1945, Dr. Key reported that claimant was able to do light work, and claimant returned to his employment on June 2nd.

The shoulder, however, continued to trouble the claimant, and on May 1, 1946 he was again examined by Dr. Key, who found a rupture of the long head of the biceps, and found that claimant was unable to abduct his shoulder completely, but was able to use the arm fairly

well at levels below the shoulder. Dr. Key still felt that an operation should not be performed.

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this state, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of the employment.

During the year immediately preceding the injury, claimant's earnings were $1,219.50, making a compensation rate of $13.78 per week. Since claimant was paid compensation by the respondent at that rate for the period of February 14, 1945, to, and including May 31, 1945, no award can be made on account of temporary disability. Claimant's medical and hospital expenses were also fully paid by the respondent. The only question remaining is the extent of claimant's permanent disability.

Dr. Harry E. Ryan, testifying on behalf of claimant, stated that claimant has an atrophy of the upper right arm, more pronounced in the upper part of the biceps muscle, a pronounced inability to raise the right arm, and that the abduction of motion in the right arm is limited to approximately 45°. He found a marked depression in the upper third of the biceps muscle, apparently due to rupture, and a limitation preventing claimant from doing approximately 75% of his work. Dr. Ryan stated that the disability was permanent, and like Dr. Key, doubted the advisability of an operation.

Rosalee Cox was employed to take and transcribe the evidence at the hearing before Commissioner Jenkins. A charge in the amount of $5.00 was incurred for this service, which charge is fair, reasonable, and customary.

From the record, and the report of Commissioner Jenkins, who observed the claimant, the court is of the

opinion that claimant has suffered a 60% partial permanent loss of use of his right arm. He is, therefore, entitled to an award in the amount of $13.78 per week, for a period of 135 weeks, or the sum of $1,860.30.

An award is entered in favor of Rosalee Cox in the amount of $5.00, payable forthwith.

An award is entered in favor of John Robke in the amount of $1,860.30, payable as follows:

$1,405.56, accrued, is payable forthwith;

454.74, is payable in weekly installments of $13.78, beginning on the 17th day of May, 1947, for a period of 33 weeks.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."